CURTIS L. ALLEN *vs.* EDWIN L. SHED & another.

A person who is arrested on a void execution, and gives bond for the prison limits, cannot recover of the officer, or of the execution creditor, damages for remaining within the prison limits according to the terms of his bond.

TRESPASS for an arrest and false imprisonment. At the trial in the court of common pleas, before *Mellen,* J. it appeared that the defendant, Shed, a constable of Lowell, arrested the plaintiff, and committed him to jail on an execution in favor of J. L. Kenniston, the other defendant, which issued from the court of common pleas, dated September 5, 1849, and returnable to said court on the second Monday of December, 1849, which was more than three months from the date thereof. The plaintiff, when committed, gave a bond in due form for the prison limits, conditioned to surrender himself to the jailer in ninety days therefrom; at which time, he appeared at the jail, with his counsel, and offered to surrender himself to close confinement, but the jailer informed him he had received no orders to confine him, and he went away.

Upon the foregoing facts, the presiding judge ruled that the plaintiff being bound to know the law, and that the execution was void under Rev. Sts. *c.* 97, § 9, was not entitled to compensation for remaining within the prison limits during the ninety days, although he acted in good faith; but that he was entitled to reasonable compensation for going to the jailer to surrender himself and thus to discharge his sureties on the prison bond. The verdict being for the plaintiff for four dollars and seventy-five cents, he excepted to the foregoing ruling.

*B. F. Butler,* for the plaintiff.

*J. G. Abbott,* for the defendant.

BY THE COURT. The instructions were sufficiently favorable to the plaintiff. He was under no obligation to stay upon the limits on a void execution. It was voluntary if he did so stay, and for his detention during that period, the plaintiff could recover no damages.     *Exceptions overruled.*